IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| **SYLVIA JEAN BREWER**<br>**TDCJ-CID # 1575138,**<br>         *Plaintiff,*<br><br>v.<br><br>**SGT. ROSALYN E. NICHOLS, ET AL.,**<br><br>         *Defendants.* | § § § § § § § § § | **CIVIL ACTION NO. 6:20-cv-671** |

### MEMORANDUM OPINION AND ORDER

Came on for consideration Plaintiff's Partial Motion for Summary Judgment (ECF No. 36) and Defendants' Joint Motion for Summary Judgment (ECF No. 35), and the responses thereto. After careful review, the Court finds that Plaintiff's Motion is meritorious and should be **GRANTED**. The Court also finds that Defendants' Motion is not meritorious and should be **DENIED**.

### I. BACKGROUND

Sylvia Jean Brewer ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 on July 24, 2020. *See* ECF No. 1. Plaintiff is incarcerated at the Mountain View Unit of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). Plaintiff's section 1983 complaint ("Complaint") concerns actions that occurred in 2020 while incarcerated at the Mountain View Unit. Rosalyn E. Nichols ("Defendant Nichols"), Symone D. Ross ("Defendant Ross"), and Ivan Vidal-Chacon ("Defendant Vidal") are employed by the TDCJ-ID at the Mountain View District.

Plaintiff alleges that her Eighth Amendment rights were violated when Defendant Nichols improperly ordered the co-defendants to use chemical agents against her despite the fact that she had done nothing to justify the use of this force. ECF No. 1 at 6. She also alleges that the use of three canisters of chemical agents was excessive and wholly inappropriate in light of her respiratory condition. *Id.* Further, she claims that Defendant Nichols failed to follow the procedural steps necessary to justify this use of force. ECF No. 7. As a result, Plaintiff asks for compensation for her pain and suffering and for Defendant Nichols's termination from her current position at the TDCJ-ID. ECF No. 1 at 4.

Plaintiff claims that on March 22, 2020, Defendant Nichols approached Plaintiff's cell while she was laying on her bunk and claimed that she was trying to harm herself. *Id.* at 6. Defendant Nichols allegedly gave no explicit orders to Plaintiff commanding her to leave the cell or to get off the bunk. *Id.* With no further warning, Defendant Nichols commanded Defendant Vidal to pepper spray Plaintiff. *Id.* The officer was hesitant to comply, so Defendant Nichols reasserted her previous command and the officer acquiesced, spraying chemical agent into the cell. Plaintiff alleges that the can of pepper spray was completely emptied into the room. *Id.* Plaintiff claims that Defendant Nichols subsequently ordered Defendant Ross to "spray her ass some more," followed by the officer emptying another can of spray into the cell. *Id.* Plaintiff alleges that Defendant Nichols then ordered another officer to spray her more, which was again complied with until the canister was emptied into the cell. *Id.*

On September 21, 2020, Defendants filed an Original Answer and generally denied all of Plaintiff's claims. The next day, the Court entered a scheduling order, setting a deadline of November 23, 2020 for all dispositive motions to be filed. Then, approximately a year and a half later, Defendants sought to add an affirmative defense—that plaintiff failed to exhaust her

administrative remedies. Magistrate Judge Manske hesitantly held a status conference on March 3, 2022, noting the significant time that had elapsed since the dispositive motion deadline, and subsequently entered an order requiring that Defendants file a dispositive motion based on the newly asserted affirmative defense. ECF No. 33. Defendants timely filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies on March 31, 2022. ECF No. 35. In sum, Defendants contend that Plaintiff failed to exhaust all administrative remedies before filing suit. *Id.* Plaintiff filed a dueling Motion for Partial Summary Judgment asking for summary judgment on the affirmative defense that same day. ECF No. 36. Plaintiff filed a Response to Defendant's motion on April 14, 2022 (ECF No. 39), to which Defendants replied thereafter (ECF No. 41). Defendants also responded to Plaintiff's Motion for Partial Summary Judgment on April 14, 2022 (ECF No. 38), prompting Plaintiff's reply (ECF No. 42).

## II. LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment must be granted if the movant shows that (i) there is no genuine dispute as to any material fact; and (ii) the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The movant bears the initial burden of informing the court of the basis for its motion and identifying the portions of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014). "A fact issue is material if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015).

Once a proper motion has been made, the non-movant may not rest upon mere allegations or denials but must present affirmative evidence by setting forth specific facts that show the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322. Factual controversies are to be resolved in favor of the non-movant "but only when there is an actual controversy, that is, when

both parties have submitted evidence of contradictory facts." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1048 (5th Cir. 1996).

### III. ANALYSIS

The United States Supreme Court has reiterated the necessity of prisoners exhausting prison grievance procedures before seeking judicial relief. *See generally Porter v. Nussle*, 534 U.S. 516 (2002). In reviewing this issue, the Court noted that in 1995, as part of the Prison Litigation Reform Act, Congress revised the exhaustion provision to read "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* at 520. In reaching its decision, the Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

The purpose of the exhaustion requirement is to give "TDCJ notice and an opportunity to resolve internal problems . . . ." *Rosa v. Littles*, 336 F. App'x 424, 429 (5th Cir. 2009). Federal courts have found that the PLRA's exhaustion requirement is satisfied where an inmate receives all the relief that he or she could have obtained, even if the inmate failed to appeal the favorable resolution. *See id.* at 428–29 (finding prisoner satisfied the PLRA's exhaustion requirement where an investigation commenced as a result of his step-one grievance even though the prisoner failed to file a step-two grievance); *see also Thornton v. Snyder*, 428 F.3d 690, 696–97 (7th Cir. 2005) (holding that a prisoner was not required to "appeal grievances that were resolved as he requested and where money damages were not available."); *Ross v. Cty. Of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) ("Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are

4

not required to file additional complaints or appeal favorable decisions in such cases."); *King v. Gonzalez*, No. 18-C-744, 2021 WL 5086265, at *2 (E.D. Wis. Nov. 2, 2021) (finding the PLRA did not require a prisoner to appeal a grievance because (i) his grievance was addressed; and (ii) the state's procedures were silent on whether inmates were required to take additional steps if a grievance is granted or addressed).

Defendants' Motion for Summary Judgment asserts that Plaintiff failed to exhaust her administrative remedies pursuant to 42 U.S.C. § 1997e(a). This section provides:

> No action shall be brought with respect to prison conditions under § 1983…by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).

The Fifth Circuit has interpreted this statute as requiring inmates to invoke all administrative remedies *available* to them before they may contest prison conditions in federal court. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001) (citing *Booth v. Churner*, 523 U.S. 731 (2001)). The Texas Department of Criminal Justice provides a two-step procedure for inmate grievances, and the Fifth Circuit typically requires that inmates avail themselves of both steps to exhaust their available administrative remedies. *Johnson v. Johnson,* 385 F.3d 503, 515–516 (5th Cir. 2004). But the Supreme Court has noted that the term "available" in the PLRA means "capable of use for the accomplishment of a purpose, and that which is accessible or may be obtained." *Ross*, 578 U.S. at 642. The Fifth Circuit has recently construed this to mean that "TDCJ's procedure does not require a step-two grievance where an inmate received all relief he could obtain at step one." *Rosa*, 336 F. App'x at 429.

Defendants argue that the PLRA requires the exhaustion of all available processes, not forms of relief, and that Plaintiff failed to file a step-two grievance. ECF No. 38 at 4, 6.

5

Plaintiff's step-one grievance was resolved in her favor on April 30, 2020. ECF No. 36 at 3. Both parties agree that Plaintiff did not file a step-two grievance and the response did not advise Plaintiff to file a step-two grievance. *Id.* Defendants argue that Plaintiff could have filed a step-two grievance requesting medical relief or a transfer to a new unit, expanding the relief provided by the step-one response. But, as the Fifth Circuit has held, "[t]he commencement of the investigation into Defendants' actions was all the relief [the plaintiff] could obtain through TDCJ's grievance process." *Rosa*, 336 F. App'x at 428. This Court finds that Plaintiff exercised all administrative steps *available* to her before she filed a federal complaint. Filing an additional grievance would have congested the TDCJ-ID's administrative system unnecessarily and provided no additional relief for Brewer because the step-one grievance was resolved in her favor. *See id.* at 429 (distinguishing cases from *Rosa* because they did not involve step-one grievances that were resolved in the plaintiff's favor). As such, the Court rejects Defendants' affirmative defense for failure to exhaust administrative remedies and **DENIES** Defendants' Motion for Summary Judgment. Necessarily, the Court **GRANTS** Plaintiff's Partial Motion for Summary Judgment.

## IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's Partial Motion for Summary Judgment (ECF No. 36) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 35) is hereby **DENIED.**

SIGNED this 17th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE